DA 12-0177

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 311N

IN RE THE MARRIAGE OF
JEREMY CHURCHILL,

        Petitioner and Appellant,

and

TARA CHURCHILL,

        Respondent and Appellee.

FILED

DEC 27 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Seventh Judicial District,
In and For the County of Richland, Cause No. DR 2010-77
Honorable David Cybulski, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Marybeth M. Sampsel; Measure, Sampsel, Sullivan & O'Brien, P.C.,
Kalispell, Montana

    For Appellee:

        W. Corbin Howard; Attorney at Law, Billings, Montana
Phillip N. Carter; Attorney at Law, Sidney, Montana

Submitted on Briefs: December 12, 2012

Decided: December 27, 2012

Filed:

                                                 Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The parties were married in 2000 and have two children, born in 2001 and 2008. Jeremy petitioned for dissolution of the marriage in December 2010. The District Court conducted a bench trial on February 9, 2012. The District Court entered Findings of Fact, Conclusions of Law and Decree of Dissolution dated March 7, 2012 dissolving the marriage and adopting a parenting plan. Jeremy appeals. We affirm.

¶3 On appeal Jeremy contends that the District Court erred by disallowing proffered expert testimony, and by making findings of fact and conclusions of law not supported by testimony or evidence. The day prior to the trial Jeremy proposed to call an expert who he now says would have testified that the parties' son said that he wanted to live with Jeremy. Jeremy had failed to attend the District Court's pre-trial scheduling conference and relies upon the absence of a scheduling order in the case as justification for his failure to disclose the expert. However, by the time of trial Jeremy had already failed to disclose the expert despite Tara's long-standing discovery requests under M. R. Civ. P. 26(b)(4). The District Court disallowed the proposed expert, but interviewed the son at trial about

2

his residential preferences.[1] A district court's decision on the admission of expert testimony is reviewed for an abuse of discretion. *DiMarzio v. Crazy Mtn. Const.*, 2010 MT 231, ¶ 19, 358 Mont. 119, 243 P.3d 718. This Court generally defers to the decision of a district court regarding the consequences of a party's failure to comply with discovery, *Patterson v. State*, 2002 MT 97, ¶ 8, 309 Mont. 381, 46 P.3d 642. Disallowing the late-disclosed expert was within the sound discretion of the District Court, the child expressed his wishes in any event, and there has been no showing of an abuse of discretion.

¶4 The district court sits in the best position to evaluate the best interest of the children, *Hilliard v. Smith*, 2011 MT 98, ¶ 18, 360 Mont. 288, 253 P.3d 863, and a district court's decision adopting a parenting plan will be upheld if it is not clearly erroneous; if it is supported by substantial evidence. *In re Marriage of Tummarello*, 2012 MT 18, ¶ 21, 363 Mont. 387, 270 P.3d 28. Tara testified in support of the parenting plan as did other witnesses she called to testify at trial. While Jeremy testified that he wanted the children to live with him, the District Court found that splitting the children's primary residence as Jeremy suggested would not be in their best interest. There was substantial evidence to support the plan adopted by the District Court and there is no basis upon which to overturn the decision.

---

[1] A district court may consider a child's wishes when adopting a parenting plan, but is not bound by them. *Hilliard v. Smith*, 2011 MT 98, ¶ 20, 360 Mont. 288, 253 P.3d 863. This is especially true in a case like the present one where the District Court determined that Jeremy had coached the parties' son as to his testimony.

¶5 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶6 Affirmed.

/s/ _____
Chief Justice

We concur:

/s/ _____
/s/ _____
/s/ _____
/s/ _____
Justices

4